# IN THE COURT OF APPEALS OF IOWA

No. 16-0904
Filed June 7, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MELVIN MARTIN JR.,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

A defendant appeals his conviction for domestic abuse assault causing bodily injury, third offense. **AFFIRMED.**

Lanny M. Van Daele of Kennedy, Cruise, Frey & Gelner, L.L.P., Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Melvin Martin Jr. appeals his conviction for third-offense domestic abuse assault causing bodily injury, in violation of Iowa Code sections 708.1, 708.2A(1), and 708.2A(4) (2015), following a stipulated trial on the minutes of evidence. Specifically, Martin claims the district court erred in limiting the factual record to the trial information and minutes of evidence and in denying his post-notice-of-appeal motion to modify the record. Because we find Martin stipulated to a trial on the minutes of evidence and find no error in the district court's denial of Martin's motion to modify the record, we affirm Martin's conviction.

## I. Background Facts and Proceedings

On August 10, 2015, the State charged Martin with third-offense domestic abuse assault causing bodily injury. After waiving his right to a jury trial, Martin entered a plea of guilty on March 28, 2016. However, Martin later withdrew his guilty plea and agreed to a trial on the minutes of evidence as filed along with the trial information. The district court discussed Martin's request for a trial on the minutes of evidence with him:

> THE COURT: All right. Thank you. So Mr. Martin, let me ask you a few questions about that. We were scheduled for a trial to the court today, which would be just a trial in front of a judge, as you had previously waived your right to a trial by jury. And if we proceed with a trial to the court, that would involve the State calling a number of witnesses to give testimony in this case. And then they would be, of course, questioned and cross-examined by your attorney as part of the submission of the case to the court. Mr. Smith informs me that you and he have talked, and that in lieu of proceeding with the trial to the court, you have made the decision to proceed by way of a Trial on the Minutes. Is that what you want to do today?
> MR. MARTIN: Yes, ma'am.
> THE COURT: Okay. And you understand that if you do proceed with a Trial on the Minutes, then the court would determine

your guilt or innocence based solely on the Minutes of Testimony, that is the information contained in the police reports, witness statements, and the summaries of those statements that were filed along with the Trial Information. Do you understand that?

MR. MARTIN: Yes, ma'am.

THE COURT: Okay. And you agree that this is the evidence —the evidence in the Minutes of Testimony would be the evidence that the State would present today if the State were, in fact, to call each of those witnesses to give testimony?

MR. MARTIN: Yes, ma'am.

THE COURT: All right. And you consent to have me determine your guilt or innocence based solely on that evidence contained in those witness statements?

MR. MARTIN: Yes, ma'am.

THE COURT: All right. And I notice that in addition to the original Minutes of Testimony that were filed on August 10th of last year, there have been three sets of Amended Minutes filed December 9th of last year, December 4th of last year, as well as November 13th of last year. And Mr. Smith, does Mr. Martin wish to have the court include those Amendments to those original Minutes in its determination?

MR. SMITH: Yes, Your Honor.

THE COURT: All right. So Mr. Martin is stipulating to have the court consider all of the Minutes filed in this case?

MR. SMITH: Your Honor, my client is stipulating not necessarily to the veracity of what's been filed, but to the filings up to this point by the State contained in the Minutes of Testimony.

On March 30, the district court found Martin guilty. Martin then filed a pro se motion requesting the court review additional evidence on April 1. On April 4, the court announced its verdict at a hearing where Martin was present and represented by counsel; the court also scheduled sentencing at the hearing. The court did not address Martin's pro se motion, and neither Martin nor his counsel brought it to the attention of the court. On April 20, Martin filed a pro se motion in arrest of judgment, which claimed the court erred in not considering deposition testimony from the victim. At the sentencing hearing on May 18, the court asked Martin about the motion in arrest of judgment, and Martin indicated that he

wished to withdraw the motion. The court then proceeded with sentencing. Martin filed his notice of appeal on May 24.

On December 14, 2015, Martin filed a motion for correction or modification of the record under Iowa Rule of Appellate Procedure 6.807, again requesting the district court attach depositions to the record. On the same day, the district court concluded rule 6.807 was not designed to supplement the record and denied Martin's motion.

Martin appeals.

## II.     Stipulated Trial on the Minutes of Evidence

Martin asserts the district court erred by limiting the record in his stipulated trial to the minutes of evidence and the trial information. Martin claims the court should have considered deposition testimony he sought to add to the record. The State argues Martin failed to preserve error on this issue.

In order to properly preserve error, issues "must ordinarily be both raised and decided by the district court." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.*

The district court never ruled on Martin's April 1 motion to consider additional evidence, and neither Martin nor his counsel raised the issue at the verdict hearing three days later. Nevertheless, Martin did not file a posttrial motion bringing the issue to the court's attention. Later, Martin did file a motion in arrest of judgment, which reasserted the argument from his previous motion, in part. Yet, at the sentencing hearing, Martin withdrew his motion in arrest of

judgment and never sought a ruling from the district court. Because the district court never ruled on Martin's motion to consider additional evidence, we conclude error was not preserved on the issue. *See id.*

### III. Motion Under Rule 6.807

Martin next contends the district court erred in denying his post-notice-of-appeal motion to correct the record under rule 6.807. The State disagrees.

Rule 6.807 provides:

> If any difference arises as to whether the record truly discloses what occurred in the district court, commission, agency, or other tribunal, the difference shall be submitted to and settled by that court, commission, agency or other tribunal and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation or the district court, commission, agency, or other tribunal, either before or after the record is transmitted to the supreme court, or the appropriate appellate court on proper suggestion or on its own initiative, may direct that the omission or misstatement be corrected and if necessary that a supplemental record be certified and transmitted.

Martin claims the rule allows him to attach depositions to the record that he forgot to attach to his posttrial motions. The depositions Martin sought to add were not part of the record and therefore were not considered by the district court in the adjudication of guilt. Thus, as they were never part of the record, they could not have been "omitted" from the record. *See* Iowa R. App. P. 6.807. Rule 6.807 only allows for the correction of the record where a dispute exists as to what the correct record is or a part of the record has been inadvertently omitted; it does not allow the introduction of additional materials to the record. *See McCleary v. Wirtz*, 222 N.W.2d 409, 415–16 (Iowa 1974) ("[T]he cited rule allows nothing more than [c]orrection of a record already made, not the [m]aking of an additional

record."). Accordingly, we find no error in the district court's denial of Martin's motion under rule 6.807.

**IV.     Conclusion**

Because we find no reversible error, we affirm Martin's conviction.

**AFFIRMED.**